**Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re Investment Technology Group, Inc.
Securities Litigation

No. 15 Civ. 6369 (JFK)

Consolidated

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-5-18

------------------------------------- x

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PROVIDING FOR NOTICE OF SETTLEMENT

WHEREAS, a class action is pending before this Court styled *In re Investment Technology Group, Inc. Securities Litigation*, Civil Action No. 15 Civ. 6369 (JFK) (S.D.N.Y.) (the "Action").

WHEREAS, Metzler Asset Management GmbH ("Metzler" or "Lead Plaintiff"), having made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving a proposed settlement of the Action, in accordance with an Amended Stipulation and Agreement of Settlement dated October 26, 2018 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Action (the "Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth herein; and

WHEREAS, the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, the Parties to the Stipulation having consented to entry of this Order; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve: (a) the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate for purposes of Rule 23 of the Federal Rules of Civil Procedure, and (b) the proposed Plan of Allocation described in the Notice of (i) Pendency of Class Action, Certification of Class, and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") as fair and reasonable, subject to further consideration at the Settlement Hearing described below.

2. The Settlement Hearing shall be held before this Court on _____, 201__ at _____.m, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 20C, New York, NY 10007, to determine: (a) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate, and should be approved; and (d) whether Lead Counsel's application for a fee and litigation expense award should be granted. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraphs 7-8 of this order. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, this Court certifies a class (the "Class") defined as all persons and entities who purchased or otherwise acquired ITG common stock during the period of February 28, 2011 to and through August 3, 2015, inclusive (the "Class Period"), and who were damaged thereby.

Excluded from the Class are: (1) Defendants; (2) Steven Vigliotti and Mats Goebels; (3) ITG's affiliates and subsidiaries; (4) the officers and directors of ITG and its affiliates and subsidiaries at all relevant times; (5) members of the immediate family of any excluded person; (6) heirs, successors, and assigns of any excluded person or entity; and (7) any entity in which any excluded person has or had a controlling interest. Also excluded from the Class are any persons who or entities that submit valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Notice.

4. With respect to the Class, the Court finds and concludes that, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the interests of all Class Members are adequately represented by Lead Plaintiff and its counsel; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as Class Representative and Lead Counsel is preliminarily certified as Class Counsel.

6. The Court approves, as to form and content, the Notice, the Claim Form, and the Summary Notice (annexed to the Stipulation as Exhibits A, D, and E, respectively) and finds that the mailing and distribution of the Notice and Claim Form and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 7-8 of this Order: (a) meet the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process

Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7) (the "PSLRA"), and any other applicable law, and is the best notice practicable under the circumstances; (b) constitute notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Class, and/or appear at the Settlement Hearing; and (c) constitute due, adequate, and sufficient notice to all persons entitled thereto. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7. The firm of GCG ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Proofs of Claims as more fully set forth below:

(a) The Claims Administrator shall make reasonable efforts to identify all persons who are Members of the Class. Not later than thirty (30) calendar days from the date of this Order, the Claims Administrator, under the direction of Lead Counsel, shall commence mailing of the Notice and the Claim Form, substantially in the forms annexed to the Stipulation as Exhibits A and D, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort (the "Notice Date"). Within fifteen (15) calendar days from the date of this Order, ITG shall provide or cause to be provided to the Claims Administrator shareholder lists necessary for, and other information ITG may have in its possession that is reasonably necessary to assist in, locating, contacting and providing notice to the Class;

(b) Not later than ten (10) calendar days from the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the *Investor's Business Daily* and disseminated over *PR Newswire*, a national business-oriented wire service; and

(c) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who purchased the common stock of ITG for the beneficial ownership of Class Members during the Class Period shall, within ten (10) calendar days after receipt of the Notice and Claim Form, request from the Claims Administrator sufficient copies thereof to send to all such beneficial owners or send a list of the names and addresses of such beneficial owners to the Claims Administrator. Nominees who choose to mail the Notice and Claim Form themselves shall forward the Notice and Claim Form to all such beneficial owners within ten (10) calendar days of receipt of the copies of the Notice and Claim Form. For those Nominees who choose to send a list of the names and addresses of beneficial owners to the Claims Administrator, the Claims Administrator will send a copy of the Notice and Claim Form to the persons and/or entities whose names and addresses are supplied. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

9. Class Members who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund shall complete and submit Claim Forms in accordance with the

instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days from the Notice Date. Each Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when it was actually received by the Claims Administrator. Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10. The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel and the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete, and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

11. By submitting a Claim Form, a Class Member will be deemed to have submitted to the jurisdiction of this Court with respect to the Class Member's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; ***provided, however***, that such investigation and discovery shall be limited to that Class Member's status as a

Class Member and the validity and amount of the Class Member's claim. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of Proofs of Claim.

12. Any Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by this Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be fully and forever barred from commencing, maintaining, aiding, prosecuting, or continuing to prosecute any of the Settled Claims against each and all of Released Parties as defined in the Stipulation, as more fully described in the Notice.

13. Any Member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

14. Any person falling within the definition of the Class may, upon request, be excluded from the Class. Any such person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. To be valid, a Request for Exclusion must state all of the information requested in the Notice and be received within the time stated above, or otherwise be accepted by the Court. All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of

the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

15. Any member of the Class that wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, or to the proposed fee and litigation expense application, may file an objection. An objector must file with the Court a written statement of his, her, or its objection(s): (a) clearly indicating the objector's name, mailing address, daytime telephone number, and e-mail address; (b) stating that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or fee and litigation expense application in *In re Investment Technology Group, Inc. Securities Litigation*, Civil Action No. 15 Civ. 6369 (JFK) (S.D.N.Y.); (c) specifying the reason(s), if any, for the objection, including any legal support and/or evidence, including witnesses, that such objector wishes to bring to the Court's attention or introduce in support of such objection; (d) stating the number of shares of ITG common stock owned as of the beginning of trading on February 28, 2011 (the first day of the Class Period); (e) listing the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of ITG common stock during the Class Period; and (f) providing documentation of such trading. In order to be considered, an objection also must be signed by the Class Member making the objection. The objector must mail or deliver the objection and all supporting documentation to Lead Counsel and Defendants' Counsel's representatives. The addresses for filing objections with the Court and service on counsel are as follows:

**TO THE COURT:**
Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**TO LEAD COUNSEL:**

Gregg S. Levin  
Lance V. Oliver  
MOTLEY RICE LLC  
28 Bridgeside Blvd.  
Mt. Pleasant, SC 29464

William H. Narwold  
MOTLEY RICE LLC  
One Corporate Center  
20 Church St., 17th Floor  
Hartford, CT 06103

**TO DEFENDANTS' COUNSEL'S REPRESENTATIVES:**

Warren R. Stern  
Charles P. Griffin  
WACHTELL, LIPTON, ROSEN & KATZ  
51 West 52nd Street  
New York, NY 10019

The objector, or his, her, or its counsel (if any), must serve the objection upon the counsel listed above and file it with the Court so that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. Any member of the Class that does not timely file and serve a written objection complying with the terms of this paragraph and the Notice shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, the Plan of Allocation, and any application for fees and litigation expenses and/or an award to Lead Plaintiff pursuant to the PSLRA for reasonable costs and expenses (including lost wages). Any untimely objection shall be barred. Any submissions by the Parties in opposition or response to objections shall be filed with the Court no later than seven (7) calendar days before the Settlement Hearing.

16. The Parties may take discovery of persons who submit objections on issues related to the Settlement. Failure by an objector to comply with such discovery requests may result in the Court striking the objection and/or otherwise denying that person the opportunity to make an objection or be heard from further. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's separate counsel should the Court determine that the objection is frivolous or made for an improper purpose. The Court may, in its discretion, order any objector who subsequently files a notice of appeal to post an appropriate appellate bond.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the funds therein are distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for Lead Plaintiff and the Class for attorneys' fees, litigation expenses, and/or an award to Lead Plaintiff made by the Court pursuant to the PSLRA for reasonable costs and expenses (including lost wages) shall be filed and served at least thirty-five (35) calendar days prior to the Settlement Hearing.

20. Neither the Defendant Released Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or litigation expenses submitted by Lead Plaintiff or Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of litigation expenses shall be approved. At that same time, the Court also will determine whether awards shall be made to Lead Plaintiff for its reasonable costs and expenses (including lost wages) pursuant to the PSLRA.

22. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid from the Settlement Fund as set forth in the Stipulation.

23. This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Defendant Released Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Stipulation is terminated. In the event the Stipulation becomes of no force or effect, the Stipulation and this Order shall not be construed or used as an admission, concession, or presumption by or against the Defendant Released Parties, the Plaintiff Released Parties, or the Class.

24. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

25. If the Stipulation and the Settlement set forth therein are not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties' *status quo ante*.

26. Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence, aid, institute, prosecute, or continue to prosecute against

any of the Defendants, any action or other proceeding in any court of law or equity, arbitration, tribunal, or administrative forum asserting any of the Settled Claims.

27. Pending final determination of whether the Settlement should be approved, all proceedings are stayed subject to further order of the Court.

IT IS SO ORDERED.

DATED: November 5, 2018

_____
THE HONORABLE JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE